~~~
                                                                    O
                                                                    JS-6
~~~

# United States District Court
# Central District of California

| | |
|---|---|
| SHADI WEINBERGER,<br><br>        Plaintiff,<br><br>        v.<br><br>WINNEBAGO INDUSTRIES, INC.;<br>FREIGHTLINER CUSTOM CHASSIS<br>CORPORATION; AND DOES 1 through<br>20, inclusive,<br><br>        Defendants. | Case № 5:19-cv-00696-ODW (SHKx)<br><br>**ORDER REMANDING ACTION** |

## I.    INTRODUCTION

On April 17, 2019, Defendant Freightliner Custom Chassis Corporation ("Freightliner") removed this action to federal court based on alleged diversity jurisdiction. (Notice of Removal ("Notice") 2, ECF No. 1.) After reviewing Freightliner's Notice of Removal and the pleadings on file, Freightliner has not established that the parties are completely diverse. Thus, the Court lacks subject matter jurisdiction. Consequently, this action is **REMANDED** to state court.[1]

---

[1] After carefully considering the Notice of Removal and the pleadings on file, the Court deems the matter appropriate for *sua sponte* decision. *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

## II. FACTUAL BACKGROUND

Plaintiff Shadi Weinberger initiated this lemon law action in the Superior Court of California, County of San Bernardino, on March 8, 2019. (Notice 2.) Weinberger asserts two causes of action against Defendants Freightliner and Winnebago Industries, Inc. ("Winnebago"): (1) Breach of Implied Warranty of Merchantability under Song Beverly Warranty Act, and (2) Breach of Express Warranty under Song-Beverly Warranty Act. (Notice Ex. 1 ("Compl."), at 1.) On April 17, 2019, Freightliner removed this action to federal court based on alleged diversity jurisdiction. (Notice 2.) Freightliner asserts that Winnebago "will join in this Notice of Removal," but Winnebago has not done so. (Notice 4.) Also, although Freightliner asserts that Winnebago filed an Answer to Weinberger's Complaint on April 10, 2019, Freightliner did not file a copy of Winnebago's Answer in this Court. (Notice 4.)

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, *id.* § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.* The court may remand the action *sua sponte* "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *United Inv'rs Life Ins. Co.*, 360 F.3d at 967.

## IV. DISCUSSION

Freightliner invokes diversity as the basis of the Court's subject matter jurisdiction. (Notice 2–3.) The Supreme Court "ha[s] consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). A person's citizenship is determined by her domicile, "where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of both its state of incorporation and principal place of business. 28 U.S.C. § 1332(c).

Freightliner, as the removing party, bears the burden of establishing federal jurisdiction. In its Notice of Removal, Freightliner asserts that Weinberger "is and at all times relevant to this action was an individual residing in the County of Los Angeles, State of California." (Notice 3.) However, allegations of "residence" are insufficient to establish diversity. *See Kanter,* 265 F3d at 857. Freightliner also does not identify Winnebago's citizenship at all, stating only that "[Weinberger] names [Winnebago] as a Defendant." (Notice 3.) Thus, Freightliner does not allege the citizenship of either Weinberger or Winnebago and consequently fails to establish that complete diversity exists sufficient to invoke this Court's jurisdiction. *See Gaus*, 980 F.2d at 566. As a district court has a duty to assure itself of the existence of subject matter jurisdiction, and Freightliner fails to establish that complete diversity exists, the Court must conclude that it lacks subject matter jurisdiction.

## V. CONCLUSION

For the reasons discussed above, the Court **REMANDS** the action to the Superior Court of California, County of San Bernardino, Case No. CIVDS1907471, 247 West 3rd Street, San Bernardino, California, 92415-0210. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

June 19, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**